UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANAHUAC MANAGEMENT,<br><br>      Plaintiff,<br><br>vs<br><br>KEITH A. MAZER, an individual,<br>WORLD CAPITAL FUNDING, LLC,<br><br>      Defendants | Case No. 2:09-cv-1590-RLH-PAL<br><br>**ORDER**<br><br>(Motion to Dismiss–#13) |

  Before the Court is Defendants' **Motion to Dismiss the First Amended Complaint for Lack of Personal Jurisdiction** (#13, filed January 22, 2010). Plaintiff filed its Opposition (#16) on February 8, 2010. Defendants filed their Reply (#17) on February 18, 2010.

  The Court denies the motion without prejudice to renew the motion should evidence be developed which sufficiently contradicts the information presently before the Court.

  This lawsuit arises out of the purported purchase of stock, which was never delivered. The issue presented in this motion is whether this Court has personal jurisdiction over the Defendants. The Court finds that the Defendants have done an act or consummated a transaction with the forum; that the claim arises out of or resulted from the Defendants' forum-related activities; that the exercise of jurisdiction is reasonable; and that Defendants' acts had effects in Nevada which justify the Court asserting jurisdiction over them.

/ / /

1

FACTS

Defendant Keith Mazer, acting for World Capital Funding, contacted, by telephone, Jehu Hand at his office in Nevada for the purpose of soliciting his participation or investment in a securities offering of Cleantech Biofuels, Inc. Mr. Hand is the founder and CEO of Jackson, Kohle & Co., an NASD broker-dealer with offices in Nevada and California.

Jehu Hand advised Mazer that he was not interested, but that he thought one of his clients, Anahuac Management, Inc., might be. Anahuac Management is a Nevada corporation with its headquarters located at 3027 E. Sunset Rd., #203, Las Vegas, Nevada 89120. Anahuac Management has been a client of Jackson Kohle for several years. Moreover, the president of Anahuac Management, Yuriy Semenov, had previously Mazer and the two individuals knew each other.

Thereafter Defendants sent Hand documents to be delivered to Anahuac management. Among the documents was a Selling Shareholder Questionnaire, which bore the name and Las Vegas address of Plaintiff and the name of Yuriy Semenov. The information was filled out by Defendants, who, thereby, knew that they were dealing with and selling securities to a Nevada resident. The securities were purchased and information provided regarding where the securities were to be sent in Nevada.

In addition, although marginally material, except in contradiction of Defendant Mazer's claims, Mazer has, within the last ten years, been the managing partner of two Limited Liability Companies headquartered in Nevada.

DISCUSSION

The Court first makes clear that it is not finding jurisdiction based upon any "consent to service of process."

Defendants base their motion on the claim that the Complaint only makes reference to a telephone call as a basis for the Court's jurisdiction. They argue that that telephone call alone is not sufficient to establish the contacts with the state or show acts within or directed to the state to

create jurisdiction. They argue that any other information which shows sufficient contacts or acts within, or directed toward, the state of Nevada, are not admissible because they do not meet the criteria required for motions for summary judgment or oppositions thereto and are, therefore, not entitled to any evidentiary weight. This is not a motion for summary judgment. There is an affidavit from one who claims personal knowledge of the things testified to in the affidavit. It is for the Court, when addressing a challenge of its jurisdiction, to decide how much weight to be given to evidence present on that issue.

The Court notes that the affidavit of Hand, a nonparty, carries more weight than the affidavit of Mazer, a party, in which there is an avoidance of mentioning the activities described by Hand, except to deny any solicitation of the sale of securities to anyone in Nevada. The Court finds the affidavit of Hand more credible unless and until credible evidence is shown to the contrary.

Defendants' argument, that its request for instructions as to where the certificate for the shares should be sent, was done by email and therefore not to a specific Nevada office, ignores the evidence that he knew the president of the Plaintiff, and that the Las Vegas, Nevada, address of that president and the Plaintiff were inserted on the documents Defendants sent to Nevada to be delivered to Plaintiff in Nevada. To claim that he did not know the destination of the email strains credulity.

Both parties cite numerous cases addressing jurisdiction and what will justify, or not justify, jurisdiction. The Court recognizes that Defendants do not have offices or residences in Nevada, that they do not have employees here, that they do not have long-standing or extensive business activities in Nevada. While those may provide the basis for jurisdiction, they are not the bases upon which jurisdiction is asserted here and the Court will not spend the time discussing whether the criteria mentioned in those cases are present here.

Rather, the Court will apply the test of the case presented and argued by Defendants, *Casualty Assurance Risk Insurance Brokerage Company v. Dillon*, 976 F.2d 596, 600 (9th Cir. 1992), and quote from Defendants' Reply, page 7: "In *Dillon*, the Ninth Circuit affirmed and

applied the 'three-prong test to ensure that jurisdiction complied with Due Process: (1) the nonresident defendant must *do some act or consummate some transaction with the forum*, thereby invoking the benefits and protection of its laws; (2) the claim must be one which *arises out of or results from* the defendant's forum-related activities; (3) exercise of jurisdiction must be *reasonable*.'" (emphasis added).

Defendants placed a call to Nevada for the purpose of soliciting investments in securities. It made that solicitation to not one, but two parties in Nevada. That solicitation resulted in an agreement by a Nevada resident to purchase the securities. Defendants sent documents to Nevada, on which they had typed the names and Nevada address of Plaintiff, to consummate the sale. The sale was consummated with a Nevada resident. Defendants asked where the securities should be sent to the Nevada resident, presumably in Nevada. The foregoing constitute *the doing of some act or consummating some transaction with the forum* by which Defendants are considered to have invoked the protection of its laws, and for which they could reasonably expect to be haled into the courts of this state.

The securities were paid for but never delivered and have allegedly been unlawfully retained by Defendants. This case certainly *arises out of or results from* the defendant's forum-related activities.

For all the foregoing reasons and activities, it is reasonable for this Court to assert jurisdiction over Defendants. The test of *Dillon* has been met.

There is an additional basis for asserting jurisdiction. Although Defendant criticizes the case of *Calder v. Jones*, 465 U.S. 783 (1984), which, *inter alia*, upheld jurisdiction in the forum where the detrimental effects of a defendant's conduct were manifest, it cannot be ignored. The Court will not address whether the forum where the injury occurred is a sufficient basis, by itself, to invoke jurisdiction. However, in this case, the fact that the injury occurred in Nevada, to Nevada residents, certainly bolsters and strengthens the reasonableness of exercising jurisdiction when the *Dillon* test has been met.

1    IT IS THEREFORE ORDERED that Defendants' **Motion to Dismiss the First**
2    **Amended Complaint for Lack of Personal Jurisdiction** (#13) is DENIED.
3    Dated: April 20, 2010.

_____
Roger L. Hunt
Chief United States District Judge