# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANAHUAC MANAGEMENT, a Nevada Corporation, | Case No.: 2:09-cv-01590-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Transfer Venue–#19) |
| KEITH A. MAZER, an individual; WORLD CAPITAL FUNDING, LLC, an entity of unknown provenance; and DOES 1 through 50, inclusive; | |
| Defendants. | |

      Before the Court is Defendants Keith Mazer and World Capital Funding's **Motion to Transfer Venue** (#19), filed August 12, 2010. The Court has also considered Plaintiff Anahuac Management's Opposition (#20), filed May 20, 2010, and Defendants' Reply (#21), filed June 1, 2010.

## BACKGROUND

      Plaintiff Anahuac Management is a Nevada corporation that does business primarily in Nevada. Defendant World Capital Funding is a limited liability company that is licensed and does business in Colorado. Defendant Keith Mazer, the principal officer of World Capital, resides in Colorado.

1

AO 72
(Rev. 8/82)

Anahuac alleges that in 2007, Defendants approached Yuri Semenov, the president of Anahuac, in Las Vegas about purchasing shares in a company that would later become known as Cleantech Biofuels, Inc. Semenov allegedly agreed to Defendants' proposal and subsequently purchased 1,573,333 shares of stock for $211,067. According to Anahuac, Defendants never intended to deliver the shares to Anahuac and instead "convert[ed] the shares to their own economic benefit." (Dkt. #1, Compl. ¶ 7.) Anahuac also alleges that in addition to refusing to deliver the shares, Defendants have "wrongfully demanded that Anahuac give up rights to the Shares for no consideration whatsoever." (*Id.*)

On December 29, 2008, Anahuac filed suit in Nevada state court against Defendants and alleged claims for (1) fraud in violation of 15 U.S.C. § 78(j); (2) fraud in violation of 15 U.S.C. § 77(q)(a)(1); (3) fraud; (4) negligent misrepresentation; (5) breach of fiduciary duty; (6) conversion; and (7) breach of contract. Defendants subsequently removed the case to this Court on the basis of federal subject matter jurisdiction. Now before the Court is Defendants' motion to transfer venue. For the reasons discussed below, the Court denies Defendants' motion.

**DISCUSSION**

**I.    Legal Standard**

28 U.S.C. § 1404(a) states: "[f]or the convenience of the parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of this statute is to "prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26-27 (1960)). The statute has two main requirements: (1) that the district to which defendants seek to have the action transferred is one in which the action "might have been brought," and (2) that the transfer be for the convenience of parties and witnesses, and in the interest of justice.

/

## II. Analysis

Defendants ask the Court to transfer this case to the Central District of California because a plaintiff named Jehu Hand[1] has brought suit against Mazer based on "the same issues, allegations, claims and defenses." (Dkt. #19, Mot. 1.) Although it is true that courts are more inclined to transfer cases to venues where related litigation is taking place, transfer under § 1404(a) is still only appropriate if venue was originally proper in the transferee court. 28 U.S.C. § 1404(a). This means that subject matter jurisdiction, personal jurisdiction, and venue must all be proper in the court receiving the case. *AT&T Co. v. Milgo Elec. Corp.*, 428 F. Supp. 50, 52 (S.D.N.Y. 1977). Under 28 U.S.C. § 1391, venue is proper only in (1) the district where any defendant resides if all defendants reside in the same state; (2) the district where a substantial part of the events giving rise to the claim occurred; or (3) the district in which any defendant is subject to personal jurisdiction if there is no district in which the claim can otherwise be brought.

Even assuming the Central District of California has subject matter and personal jurisdiction over this case, the Court denies Defendants' motion to transfer because they have not shown that venue is proper there. First, Defendants clearly cannot satisfy the first or third venue provisions of § 1391. Defendants do not contest Anahuac's assertion that they are residents of Colorado or that venue is proper in Nevada because Anahuac was initially approached in Las Vegas regarding the Cleantech shares. Second, Defendants have not shown—as required under the second venue provision of § 1391—that a substantial part of the events giving rise to Anahuac's claims took place in the Central District of California. The only argument Defendants make as to why they meet this venue requirement is that a related case is taking place in that district. According to Defendants, this case and the Central District of California case "have related parties", "have related allegations", and "have related claims." (Dkt. #19, Mot. 6–8.)

---

[1] It is unclear to the Court exactly what Hand's relationship is to Anahuac. Defendants allege that Hand is the "sole officer" of Anahuac. (Dkt. #19, Mot. 1.) Anahuac, on the other hand, has provided an affidavit from Hand stating that he is not an officer of Anahuac and that he has no ownership interest in the company.

These assertions—even if true—do not alone support Defendants' motion to transfer because they do not establish that a substantial act relating to Anahuac's claim took place in the Central District of California. The fact that important events in a related case took place in that district is not enough to warrant a transfer of venue in this case. Accordingly, the Court denies Defendants' motion to transfer venue.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Transfer Venue (#19) is DENIED.

Dated: August 23, 2010.

_____
ROGER L. HUNT
**Chief United States District Judge**