UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANAHUAC MANAGEMENT, a Nevada Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>KEITH A. MAZER, an individual; WORLD CAPITAL FUNDING, LLC, an entity of unknown provenance; and DOES 1 through 50, inclusive,<br><br>    Defendants.<br>_____<br>KEITH A. MAZER,<br><br>    Counterclaim Plaintiff,<br><br>vs.<br><br>ANHUAC MANAGEMENT,<br><br>    Counterclaim Defendant.<br>_____<br>KEITH A. MAZER,<br><br>    Third-Party Plaintiff,<br><br>vs.<br><br>JEHU HAND,<br><br>    Third-Party Defendant.<br>_____ | Case No.: 2:09-cv-01590-RLH-PAL<br><br>**O R D E R**<br><br>(Motion to Dismiss, or in the Alternative, Motion to Stay; and Motion to Strike–#31) |

1

Before the Court is Plaintiff/Counter-Defendant Anahuac Management ("Anahuac") and Third-Party Defendant Jehu Hand's **Motion to Dismiss Second Cause of Action or in the Alternative, Motion to Stay, and Motion to Strike Third-Party Complaint** (#31, filed Oct. 27, 2010) for failure to state a valid or derivative claim. The Court has also considered Defendant/Counter-Claim Plaintiff Keith A. Mazer and Defendant World Capital Funding, LLC's ("World Capital") Opposition (#34, filed Nov. 15, 2010), and Anahuac's Reply (#36, filed Nov. 29, 2010).

**BACKGROUND**

Anahuac alleges that in 2007, Mazer, acting on behalf of World Capital, contacted Yuri Semenov, the president of Anahuac, to discuss purchasing a convertible debenture (the "Debenture") issued by a company that would later merge with Cleantech Biofuels, Inc ("Cleantech"). Semenov allegedly agreed to Defendants' proposal and subsequently purchased the Debenture. Semenov then converted the Debenture into common stock and requested the stock from Defendants. However, according to Anahuac, Defendants never intended to give possession of the stock to Anahuac and now seek "stock power" allowing Defendants to transfer the shares to a third person without ever giving them to Anahuac or compensating Anahuac.

As to the counterclaims and third-party claims, Mazer alleges that Jehu Hand operates Anahuac as his alter ego and, therefore, Mazer and Hand's relationship is tied into Anahuac's claims. Mazer alleges that he and Hand participated in at least two joint ventures and other money matters and that Hand currently owes Mazer approximately $1.8 million. Because Hand could not pay this debt, Hand retained Mazer to consult on the purchase of the Cleantech stock. Hand and Anahuac, however, never compensated Mazer for his service.

On December 29, 2008, Anahuac filed suit in Nevada state court against Defendants. Defendants subsequently removed the case to this Court on the basis of federal subject matter jurisdiction. On November 11, 2009, Anahuac filed an Amended Complaint (#11), alleging claims for: (1) fraud in violation of 15 U.S.C. § 78(j) ("SEC Rule 10b-5" or "Rule 10b-

5d"); (2) violation of the Nevada Uniform Securities Act (NRS §§ 90.310, 90.570, 90.610); (3) fraud; (4) negligent misrepresentation; (5) breach of fiduciary duty; (6) conversion; and (7) breach of contract.  On September 16, 2010, Defendants filed their Answer (#25), which included Mazer's counterclaims against Anahuac and third-party complaint against Jehu Hand.  Mazer alleges claims for: (1) breach of contract; (2) setoff; and (3) unjust enrichment.

On May 6, 2009, Mazer filed suit in Antigua and Barbuda (the "Antigua Suit," "Antigua") against Hand related to the debts Mazer alleges.  As it relates to this case, Mazer seeks setoff in his third-party complaint of the debt being adjudicated in Antigua against any recovery by Anhuac.  He seeks setoff of these debts claiming that Hand operates Anahuac as his alter ego and, therefore, the Court may reverse-pierce the corporate veil to attribute Hand's alleged acts and debts to Anahuac the corporate entity.  Thus, Mazer claims, any debt or judgment that he owes Anahuac is properly setoff by Hand's debt.

Currently before the Court is Plaintiff Anahuac and Third-party Defendant Hand's motion.  Essentially, Anahuac and Hand ask the Court to either dismiss Mazer's setoff claim or stay the case pending resolution of the Antigua Suit and separately to strike Mazer's setoff claim from the third-party complaint as not derivative of Anahuac's claims against Mazer.  For the reasons discussed below, the Court grants the motion to dismiss and denies the motion to strike as moot.

## DISCUSSION

**I.     Motion to Dismiss Second Cause of Action**

    **A.     Legal Standard**

A court may dismiss a plaintiff's complaint or any individual cause of action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels

and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

**B.  Analysis**

Anahuac and Hand seek to have the Court dismiss Mazer's claim for setoff. Mazer's setoff claim is based on an alleged debt Hand owes Mazer which is currently being litigated and determined in Antigua. "Setoff is a doctrine used to extinguish the mutual indebtedness of parties who *each owe a debt to one another*." *Aviation Ventures, Inc. v. Joan Morris, Inc.* 110 P.3d 59, 63 (Nev. 2005) (emphasis added). Since Mazer alleges that Hand owes him money rather than Anahuac, the Court would have to reverse pierce the corporate veil and attribute Hand's alleged debts to Anahuac in order to apply setoff, which Mazer argues the Court should do as Anahuac is merely Hand's alter ego. Reverse piercing allows a party to seek damages

4

1  against a corporate entity where "the corporation is acting as the alter ego of a controlling
2  individual." *LFC Marketing Group, Inc. v. Loomis*, 8 P.3d 841, 845 (Nev. 2000). The alter ego
3  doctrine is meant to provide protection when a person abuses the corporate form and a Court may
4  reverse pierce to provide this protection when a party abuses the corporate form. *Id.* at 845–46.
5        Here, however, Mazer has failed to plead sufficient facts showing that Anahuac is
6  Hand's alter ego and therefore his setoff claim fails. Mazer's complaint merely alleges that
7  Anahuac is Hand's alter ego, repeating the elements necessary for alter ego liability, without the
8  necessary facts to support the allegation. The mere recitation of elements of cause of action are
9  insufficient to make a claim facially plausible. Without sufficient facts to support a finding of
10 alter ego, the Court may not reverse pierce and apply Hand's alleged debt to Anahuac and
11 therefore cannot apply setoff. Further, the Court notes that as a general rule unmatured,
12 unliquidated, or contingent claims and debts cannot be used for setoff. *FDIC v. Liberty Nat. Bank*
13 *& Trust Co.*, 806 F.2d 961, 968 (9th Cir. 1986). Therefore, the Court dismisses Mazer's claim for
14 setoff.

15 **II.    Mazer's Third-party Complaint**

16       Anahuac and Hand also request the Court to strike Mazer's setoff claim arguing
17 that the claim is improper under Fed. R. Civ. P. 14(a)(4) because it is not derivative of Anahuac's
18 claims against Mazer. Since the Court has already dismissed the claim, the Court denies the
19 motion as moot.
20 /
21 /
22 /
23 /
24 /
25 /
26 /

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Anahuac and Hand's Motion to Dismiss (#31) is GRANTED.

IT IS FURTHER ORDERED that Anahuac and Hand's Motion to Strike (#31) is DENIED.

Dated: March 24, 2011.

_____
ROGER L. HUNT
Chief United States District Judge