# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANAHUAC MANAGEMENT, a Nevada corporation, | Case No.: 2:09-cv-01590-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Strike–#54;<br>Motion for Leave to Amend–#53) |
| KEITH A. MAZER, an individual; WORLD CAPITAL FUNDING, LLC, an entity of unknown provenance; and DOES 1 through 50, inclusive, | |
| Defendants. | |
| KEITH A. MAZER, | |
| Counterclaim Plaintiff, | |
| vs. | |
| ANAHUAC MANAGEMENT, | |
| Counterclaim Defendant. | |
| KEITH A. MAZER, | |
| Third-party Plaintiff, | |
| vs. | |
| JEHU HAND, | |
| Third-party Defendant. | |

Before the Court is Plaintiff/Counterclaim Defendant Anahuac Managment and Third-party Defendant Jehu Hand's **Motion to Strike Keith A. Mazer's Motion for Leave to File Amended Counterclaims and Third-party Claims** (#54, filed July 14, 2011). The Court has also considered Defendant/Counterclaimant/Third-party Plaintiff Keith A. Mazer's Opposition (#56, filed July 29), and Anahuac and Hand's Reply (#57, filed Aug. 8).

Also before the Court is Mazer's **Motion for Leave to File Amended Counterclaims and Third-party Claims** (#53, filed July 14, 2011). Anahuac and Hand did not respond directly to the motion, but rather filed their motion to strike.

The Court need not explicate the facts of this case as they are of extremely limited value to the resolution of this motion. However, the Court directs the reader to its prior Order (#38) and Magistrate Judge Leen's more recent Order (#59) for the background of this case.

Here, the Court grants Anahuac and Hand's motion to strike because Mazer's motion to amend his answer comes many months after the deadline set for such motions in the Scheduling Order (#35) Judge Leen issued in this case. *See U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985) (*superseded by statute on other grounds*); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610-11 (9th Cir. 1992). If not for the motion to strike, the Court would simply have denied the motion on that ground. Additionally, Mazer's motion fails to seek amendment of the scheduling order pursuant to Federal Rule of Civil Procedure 16 as would be proper prior to the Court considering a motion for leave to amend.[1] Mazer only argues that amendment should be allowed under Rule 15, the wrong (or at least incomplete) standard and only makes arguments related to that liberal standard rather than Rule 16's more strict "good cause" standard.

---

[1] The Court notes that it has the discretion to treat a motion for leave to amend as also being a motion to amend the scheduling order, however, it chooses not to do so here. Mazer also could have included a request to amend the scheduling order in his motion, but chose not to.

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Anahuac and Hand's Motion to Strike (#54) is GRANTED.

IT IS FURTHER ORDERED that Mazer's Motion (#53) be STRICKEN from the record.

Dated: December 7, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**