UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANAHUAC MANAGEMENT, a Nevada corporation,<br><br>                    Plaintiff,<br><br>    vs.<br><br>KEITH A. MAZER, an individual; WORLD CAPITAL FUNDING, LLC, an entity of unknown provenance; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No.: 2:09-cv-01590-RLH-PAL<br><br>**O R D E R**<br><br>(Motion for Summary Judgment–#61) |
| KEITH A. MAZER,<br><br>                    Counterclaim Plaintiff,<br><br>    vs.<br><br>ANAHUAC MANAGEMENT,<br><br>                    Counterclaim Defendant. | |
| KEITH A. MAZER,<br><br>                    Third-party Plaintiff,<br><br>    vs.<br><br>JEHU HAND,<br><br>                    Third-party Defendant. | |

1

AO 72
(Rev. 8/82)

Before the Court is Plaintiff and Counterclaim Defendant Anahuac Management and Jehu Hand's **Motion for Summary Judgment** (#61, filed Dec. 29, 2011). The Court has also considered Keith A. Mazer's Opposition (#62, filed Jan. 23, 2012), and Anahuac and Hand's Reply (#63, filed Feb. 9).

## BACKGROUND

This is a contract and securities dispute between Anahuac and Hand and Mazer. Anahuac initially brought suit and alleges that in 2007, Mazer, acting on behalf of World Capital, contacted Yuri Semenov, the president of Anahuac, to discuss purchasing a convertible debenture (the "Debenture") issued by a company that would later merge with Cleantech Biofuels, Inc ("Cleantech"). Semenov allegedly agreed to Defendants' proposal and subsequently purchased the Debenture. Semenov then converted the Debenture into common stock and requested the stock from Defendants. However, according to Anahuac, Defendants never intended to give possession of the stock to Anahuac and now seek "stock power" allowing Defendants to transfer the shares to a third person without ever giving them to Anahuac or compensating Anahuac.

As to the counterclaims and third-party claims, Mazer alleges that Jehu Hand operates Anahuac as his alter ego and, therefore, Mazer and Hand's relationship is tied into Anahuac's claims. Mazer alleges that he and Hand participated in at least two joint ventures and other money matters and that Hand currently owes Mazer a substantial amount of money. Because Hand could not pay this debt, Hand retained Mazer to consult on the purchase of the Cleantech stock and Mazer actually paid for the purchase of the stock. Hand and Anahuac, however, never compensated Mazer for his service.

On December 29, 2008, Anahuac filed suit in Nevada state court against Defendants. Defendants subsequently removed the case to this Court on the basis of federal subject matter jurisdiction. On November 11, 2009, Anahuac filed an Amended Complaint (#11), alleging claims for: (1) fraud in violation of 15 U.S.C. § 78(j) ("SEC Rule 10b-5" or "Rule 10b-5d"); (2) violation of the Nevada Uniform Securities Act (NRS §§ 90.310, 90.570, 90.610); (3)

2

fraud; (4) negligent misrepresentation; (5) breach of fiduciary duty; (6) conversion; and (7) breach of contract.  On September 16, 2010, Defendants filed their Answer (#25), which included Mazer's counterclaims against Anahuac and third-party complaint against Jehu Hand.  Mazer alleges claims for: (1) breach of contract; (2) setoff; and (3) unjust enrichment.

On May 6, 2009, Mazer filed suit in Antigua and Barbuda (the "Antigua Suit," "Antigua") against Hand related to the debts Mazer alleges Hand owes him.  As it relates to this case, Mazer sought setoff in his third-party complaint of the debt being adjudicated in Antigua against any recovery by Anahuac in this case claiming that Hand operates Anahuac as his alter ego and, therefore, the Court may reverse-pierce the corporate veil to attribute Hand's alleged acts and debts to Anahuac the corporate entity.  The Court, however, dismissed Mazer's setoff claim because Mazer failed to adequately allege the alter ego claim.

Anahuac and Hand now move for summary judgment on Mazer's remaining claims arguing that Mazer has not provided sufficient evidence to support the claims.  For the reasons discussed below, the Court denies the motion.

**DISCUSSION**

**I.     Standard**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court.  *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir.1994).  Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).  An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).  Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441

1   (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996).  "The amount of evidence necessary to raise a
2   genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing
3   versions of the truth at trial.'"  *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983)
4   (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)).  In evaluating a
5   summary judgment motion, a court views all facts and draws all inferences in the light most
6   favorable to the nonmoving party.  *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d
7   1100, 1103 (9th Cir. 1986).
8          The moving party bears the burden of showing that there are no genuine issues of
9   material fact.  *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982).  "In order to carry
10  its burden of production, the moving party must either produce evidence negating an essential
11  element of the nonmoving party's claim or defense or show that the nonmoving party does not
12  have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."
13  *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  Once the
14  moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to
15  "set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 256.
16  The nonmoving party "may not rely on denials in the pleadings but must produce specific
17  evidence, through affidavits or admissible discovery material, to show that the dispute exists,"
18  *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply
19  show that there is some metaphysical doubt as to the material facts."  *Orr v. Bank of America*, 285
20  F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).  "The mere existence of a scintilla of
21  evidence in support of the plaintiff's position will be insufficient."  *Anderson*, 477 U.S. at 252.
22  **II.     Analysis**
23          Anahuac and Hand seek summary judgment on Mazer's two remaining claims: (1)
24  breach of contract, and (3) unjust enrichment.  Despite not following the Local Rules of Practice
25  by failing to provide a concise statement (or any statement) of undisputed facts in their motion,
26  /

4

1  (LR 56-1), Anahuac and Hand argue that Mazer has failed to discover or present any admissible
2  facts supporting his claims.  The Court disagrees.

### A. Breach of Contract

Anahuac and Hand argue that Mazer has not presented any evidence supporting his breach of contract claim against either Anahuac or Hand.  A breach of contract claim requires: (1) a valid and existing contract, (2) performance by the Plaintiff, (3) Defendant's failure to perform, and (4) damages.  *See Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2001).  A valid contract requires an offer, acceptance, and consideration.  *D'Angelo v. Gardner*, 819 P.2d 206, 233 (Nev. 1991).  Mazer has provided sufficient evidence, through documents and his own affidavit, to support the existence of a contract and his breach of contract claims against Anahuac and Hand.  (*See generally*, Dkt. 61, Exs. A and B.)  Anahuac and Hand complain that Mazer has not given details of the contract, when the parties agreed to the contract, etc.  Yet, Anahuac and Hand failed to actually depose Mazer and Mazer provides sufficient (even if not expansive) details regarding the oral contract in his affidavit.  (*See generally*, *id*., Ex. A, Aff. of Keith Mazer.)  The evidence would require the jurors to take inferential steps, but these are inferential steps a reasonable juror could make.  Both sides of this dispute tell conflicting stories and it is for a jury to decide the facts, not the Court.  Thus, the Court denies summary judgment on the breach of contract claim.

### B. Unjust Enrichment

Anahuac and Hand make largely the same arguments regarding Mazer's unjust enrichment claim as they do against Mazer's breach of contract claim.  These arguments similarly fail here.  "Unjust enrichment is the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience."  *Nevada Indus. Dev. v. Bendetti*, 741 P.2d 802, 804 n.2 (Nev. 1987).  Here, Mazer's evidence regarding the transfer of money supports a claim for unjust enrichment if no contract in fact exists or the contract does not cover these transactions.

/

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Anahuac and Hand's Motion for Summary Judgment (#61) is DENIED.

Dated: April 3, 2012.

_____
ROGER L. HUNT
United States District Judge

AO 72
(Rev. 8/82)